Case number 11-1762, e-Re-Audi Litigation, Paul Corona v. Wolfgang of America et al.  My name is Robert Lisko, I'm a co-lead counsel on behalf of the appellant class. Good morning, Your Honor, it's Garrett Boehm on behalf of the defendants. All right, let's proceed. So let's go to start off with how do we have jurisdiction? I beg your pardon, sir? How do we have jurisdiction? We have jurisdiction on the appeal on the 307, Your Honor, that there was a final order directing me to turn over my notes that I compiled on the documents in question. These notes are facts, they're not opinions, they're not attempting to invade the province of the attorney or his thought processes or what his trial strategy may be. They are strictly facts. And those facts, Judge, in my opinion... Let me just stop you for a minute. Have you read N. Ray A. Minor, 127 Illinois 2nd, at 262? Yes, sir. All right, well, doesn't that apply here? I don't think it does. Well, show me how it doesn't apply. Because in that case, I don't think the issues that were raised are the issues that are raised here. The final order that was entered, the order of May 25, directed us to turn over these documents. But the thrust of the order wasn't that point exactly, was it? I mean, it was addressing the inadvertent release of privileged documents, and they wanted the return of those documents. No, that's not true, Your Honor. The order was directed to me because I had propounded requests to admit and to admit all of these previous facts, which are, in my opinion, factual. The order was directed to me to turn over those documents. In addition to other matters, she struck or denied my relief for this request to admit and said, not only am I denying your request to admit, I want you to turn back every note, every memorandum you ever made. And that order was entered. And no way was that order- It was entered in response to my notices, my request to admit those documents, and that's what they wanted those documents back, Judge. Right. And they wanted those documents back in addition, not only did they want to be sure that nobody knew about the fact- That plaintiff's counsel may have generated by reviewing this document that they should never have gotten to know. It did not. It did not. That came up in oral argument, and the judge said on her own that I want all of these notes and memorandum that you may have compiled, Mr. Lisko, returned to them. And then the judge had second thoughts about that, right? Beg your pardon? The judge had second thoughts about whether it was- of requiring you to disclose work product. Yes, sir. She did have second thoughts about it, but that doesn't change the gravity of an order being entered. I mean, how- The order was entered. Let's make it clear. The order was obviously entered. The question is, and I think Justice Gordon was directing your attention to, is whether that order qualifies as an injunction. And that's the real key, because there are orders that are entered requiring counsel to do something by a certain date. It doesn't make every one of those orders an injunction. I agree. So how is this an injunction? Because of the fact that the other unequivocally told me to return all of these documents. What if the judge unequivocally told you to file your brief by a certain date? No, no, no. That's a little more than that, Your Honors. How is a litigant going to know when an order is final if the judge says, well, I'm having second thoughts about it, but we'll continue everything on, and nothing's ever done? We all know how we can determine whether or not that was really qualified as an injunction or not. We wait until there's action taken on counsel's failure to comply with the order. That triggers what? A contempt issuance? And then you say, and in fact you requested that very same thing, didn't you? You requested a friendly contempt citation. I did, Your Honor. And she didn't grant it? No, we never decided anything of that. She continued everything to another date. But I thought she also said, don't worry about the turnover of your notes because no one's going to try to enforce that. She didn't say, don't worry about it, Judge. All she said is, I'm thinking about it, that I may have not been wrong in doing this. But the point is, the order is there. We have to rely on the fact when is an order final so we can take an appeal. No, no, the order is definitely there, and the question is, is that order an injunction? That's the issue, Your Honor. Exactly, that's what he asked at the beginning. Is it an administrative kind of ministerial thing that we don't get to review until she holds you in contempt for failing to comply? I don't think it's a ministerial remark. Well, you will agree it's not a traditional type of judge. Not as traditional, Judge, but in my opinion. Well, you see, the Supreme Court uses those words in in re a minor. Is it traditional? This is not traditional. So, therefore, I don't see how there could be any jurisdiction. And it uses those words because sometimes it's difficult to know what is and what is not an injunction. And if it's not an injunction, then parties tend to go to that contempt proceeding so that way we have clear jurisdiction. And in the absence of that, we may not agree that it's really an injunction. Judge, this case is old enough to drink in the state of Illinois. We're trying to bring it to a conclusion here. There are documents that were presented to me inadvertently, supposedly, that so egregious that we have to follow the law. We have to follow the law. And if we do not have jurisdiction, we can't get to it, even though we may have to rehear it some other time. If we don't have jurisdiction, we can't create jurisdiction. Even if we'd like to, we don't have the power or the authority to do it. The question would then be, Judge, to interpret what does that order of May 25 say. And that order, in our opinion, counsel and myself, directs me to do a certain thing, namely, to turn over all my notes that I have compiled in connection with these documents. What happens if you never, ever, ever turn over those notes and nobody takes any action on that? Well? What happens? I have to know when I can take a review on whether or not those notes that I made can be used at the trial of this case. Those notes are very important. Not if it broaches the document that has been gone from your eyes back to their possession because it shouldn't have been revealed to you to begin with. So you can't use those notes because it's based on documents that you should never have gotten. Well, Your Honors, I feel that the order that was entered against me is vesting jurisdiction with this appellate tribunal. And that is our feeling. That is why we filed this appeal. That is why we're asking this court to so fine, and to so fine that the documents that in question, the factual information in those documents, are not privileged. Under 201KB2, it states unequivocally, even though a document may be privileged, factual information within that document is discoverable. And that's what we want in this case. When you talk about 165 times higher complaints against Audi than General Motors. Let me ask you this. Let's say that really is the key question that you want us to address. Yes, it is. Whether these documents are discoverable or not. Why didn't you simply say, I'm not turning over this document. You'll have to find me in contempt. And then let it proceed that way as opposed to focusing on the notes that really have nothing to do with it. Well, Your Honors, I did advise the court that I'm not turning over the documents. The order was entered. And there was no further action taken on that. But that doesn't mean that that order is not effectual. The order is against me, against the co-counsel with me, to turn over all our notes. And we didn't turn them over. We filed this notice of appeal. I'm talking about the documents. The documents are one thing, Judge. We turned back the documents. Well, that's what I'm saying. Why bother turning back the documents if you thought the documents were really discoverable because they're factually based as opposed to, you know, thought processes and allow you to be held in contempt and allow a review to ensue? Well, the documents we turned back. I'm glad you know that's true. However, I made notes on what the documents stated. All right, but, you know, reserve some of your time for rebuttal. Sir? Because you're past the time. Oh, I'm sorry. Reserve some of your time for rebuttal. I'll ask for rebuttal. Thank you, Judge. Is there a jurisdiction here? I don't believe so, Your Honor. Based upon in re a minor, I don't believe that there is jurisdiction. How do we distinguish between an order that compels something and an injunction? Why is this not an injunction? I think it's sometimes difficult to make that distinction. But here I think what the plaintiffs initially did by seeking friendly contempt, that was the right procedure to pursue in this case where it involved a discovery order. But it would only be the right procedure if it weren't an injunction. And the question is, why isn't what was in that order? And you put that, or your side put that phrase in there, in that order. Why wouldn't that be treated as an injunction, as an injunctive relief? Well, to be honest, I don't know that it's particularly all that clear and distinct. I think that we had made the argument that under in re a minor it is not a traditional injunction. It is more of a ministerial and administrative activity. So when the Supreme Court says that we're looking for traditional injunctions, borderline cases shouldn't be treated as injunctions? Well, I think in that case there is a procedure that's available, and that is seeking the friendly contempt. Right, except through that means. Right. All right. I agree. And even if it is considered an injunction, then we have to consider whether there is the force and effect of that injunction. And I have said, based upon what happened at the June 23 hearing, right before the notice of appeal in this case was filed, the court said, I'm not going to make you turn over these notes. I'm not going to make you destroy them. I'm not going to enforce that portion of my nation. That raises the next question. Let's say we say this is not an injunction, and the case goes back, and assuming nobody takes any action to get those notes turned over, the issue dies. Right. But if somebody were to say, but if the judge were to enter an order, I want you to turn those over, and he says no, then there would be a contempt, and then we'd come back before us. Possibly, yes. All right. And counsel mentioned the 165 times. I'm just going to make a quick comment about that on the complaint rates. And I'd say even if this court were to determine that there was an injunction, despite what's in the June 23rd order, the whole issue is somewhat moot. Because if you look at the going back a few years, this court upheld the Fifth Amendment complaint, and that Fifth Amendment complaint, there was only one claim that was remaining, and that was an Illinois Consumer Fraud Act claim based upon defects in the vehicle. That was replied, basically, in the Sixth Amendment complaint. And these complaint rates don't go to a defect in the vehicle. The plaintiffs subsequent to the filing of this appeal and during proceedings now before the circuit court try to file a Seventh Amendment complaint that would have incorporated this complaint rate theory. And the court said, no, we're not going to replead now. The case is a quarter century old, and enough is enough. So based upon that, I don't think that, one, there is jurisdiction, and, two, the question is largely moot anyhow. Thank you. Rebuttal. You have just a couple minutes. Yes, Your Honor. In response to that question, Judge, concerning the administrative type and nature of the Order of May 25th, it is our position that that order requiring us to turn over the notes for destruction was not only regulating procedural of that particular case. It was not a ministerial task, not a ministerial order. It was an injunctive order. It directed us to turn over documents that I had prepared myself and which we felt were not subject to the court order to turn over. Therefore, I respectfully request that this court find that that order is improper and it should be reversed, and the information contained in the documents in question should be discoverable by us. Thank you for your attention, gentlemen. Well, you fellows gave us a very interesting case and some interesting arguments and things to think about, and we'll take the case under advisement.